## Gardner, Appellant, v. West Penn Railways Company.

*Negligence—Street railways—Passenger—Attempting to board car on left side—Taking hold of car before door is opened—Contributory negligence.*

One who attempts to board a street car at a closed door on the left side while passengers are being discharged and received on the right side, and after attracting the attention of the conductor by rapping on the glass of the door, takes hold of the grab handle with one hand and placed his foot on a two-inch projection that extended out under the closed door and is thrown and injured when the car starts, is guilty of such contributory negligence as to bar a right to recover, since he had no right to assume that he would be permitted to enter the car until the door was opened, and the construction of the car was such that the conductor could not have supposed that he would attempt to get on.

Argued Oct. 19, 1918. Appeal, No. 129, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 181, entering compulsory nonsuit in case of Rudolph Gardner v. West Penn Railways Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass for damages for personal injuries.  Before EVANS, J.

The court entered a compulsory nonsuit, which it subsequently refused to take off, EVANS, J., filing the following opinion:

The plaintiff on the evening of the accident which gave rise to this case was standing on the street waiting for a car on defendant's line.  A car came in and stopped opposite where he was standing.  It was on a single track line, and the doors were in the side of the car midway between the front and rear ends. · The plaintiff was standing on the left side of the track in the direction in which the car was going.  The door on the right side of the car was open and passengers were being discharged and received from that side.  The door on the left side was not open.  Plaintiff went to the left side of the car and rapped on the glass of the door.  He testified that the conductor saw him and nodded his head and reached up, as plaintiff supposed, for the cord which opened the door, but instead he reached for the cord that rang the starting bell.  When the plaintiff saw the conductor reach up his hand, he took hold of the grab handle with one hand and placed his foot on a slight projection that extended out under the door, as he testified, about two inches.  When the car started he was thrown and injured.  At the close of the plaintiff's testimony motion for judgment of compulsory nonsuit was allowed.

There was no invitation on the part of the defendant for the plaintiff to enter through the door in front of which he was standing.  The fact that the conductor may have nodded his head was not an invitation to enter, because the plaintiff could not have entered the car until the door was opened, and the only invitation which the conductor could give to the plaintiff inviting him to board the car as a passenger was to open the door and give him the means of access.  Plaintiff had no right to assume that he was going to be permitted to enter the car through the door in front of which he was standing

until that door was opened, and therefore when he put himself in a position of danger by taking hold of the grab handle and putting his foot up on the two-inch projection, it was his own act and he was responsible for the consequences.

It is urged, however, by counsel for the plaintiff that the act of the conductor was wanton negligence, and he cites the case of Yancey v. Rys. Co., 205 Mass. 162. But the very vital distinction between that case and the case at bar is the fact that before the conductor started the car he saw the plaintiff standing on the steps of the car outside the closed door and knew that the plaintiff was in a dangerous position if he started the car. In the present case, by the plaintiff's own statement, when he saw the conductor reach for the rope, he took hold of the grab handle and put his foot on this little ledge. There was nothing outside of the door in the car in this case which the conductor could by any possibility suppose that the plaintiff would attempt to get on. In the Yancey case there were two steps which a passenger had to use to get on the car outside of the closed door. No such situation existed here, and there is no evidence from which a jury could find that the conductor knew before he started the car the dangerous situation which the plaintiff was in.

And now, July 3, 1918, motion ex parte plaintiff to take off the judgment of compulsory nonsuit in the above entitled case is refused.

Plaintiff appealed.

*Errors assigned* were entering judgment of nonsuit and refusing to take it off.

*A. J. Eckles,* with him *T. M. Gealey,* for appellant.— The plaintiff was not guilty of contributory negligence as a matter of law: Taylor v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 607; McCurdy v. Traction Co., 15 Pa. Superior Ct. 29.

*D. I. McCahill,* of *Crow & McCahill,* for appellee, was not heard.

PER CURIAM, January 4, 1919:

This judgment is affirmed on the opinion of the court below refusing to take off the nonsuit.